# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| SKY HARBOR ATLANTA NORTHEAST, LLC, and CRESTLINE HOTELS & RESORTS, LLC, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 1:17-CV-03910-AT |
| v. | ) ) | |
| AFFILIATED FM INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AFFILIATED FM INSURANCE COMPANY

Defendant Affiliated FM Insurance Company ("AFM") hereby files this Answer to the Amended Complaint filed by Plaintiffs Sky Harbor Atlanta Northeast, LLC ("Sky Harbor") and Crestline Hotels and Resorts, LLC ("Crestline") on September 27, 2017, as follows:

## FIRST DEFENSE

Defendant AFM responds to the individually numbered paragraphs of the Complaint as follows:

1

1.     The claims asserted in the Complaint are contained therein, and AFM denies the allegations in this paragraph to the extent they are inconsistent with those claims.

2.     Paragraph 2 constitutes a prayer for relief, and AFM denies that Plaintiffs are entitled to any relief. AFM denies any remaining allegations in Paragraph 2.

## PARTIES, JURISDICTION AND VENUE

3.     AFM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, but, for purposes of diversity jurisdiction, these allegations are admitted.

4.     AFM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, but, for purposes of diversity jurisdiction, these allegations are admitted.

5.     Admitted.

6.     Denied.

7.     Denied.

8.     AFM admits that Sky Harbor is the current owner of the Hilton

2

Atlanta Northeast. AFM denies the remaining allegations in Paragraph 8.

9.     AFM admits that Crestline and Sky Harbor entered into a Management Agreement dated October 18, 2013. The terms of that agreement are contained therein. AFM denies the remaining allegations in Paragraph 9.

10.     AFM admits it issued Virginia Standard Fire Insurance Policy No. WB720 to Crestline for the policy period of January 1, 2014, to January 1, 2015, and Virginia Standard Fire Insurance Policy No. WB879 to Crestline for the policy period of January 1, 2015, to January 1, 2016 (together, the "Policies"). The terms and conditions of the Policies are contained therein.  AFM further admits that Exhibit A appears to be a true copy of Policy No. WB879. AFM admits that a loss notice was sent by Marsh USA Inc. to AFM on September 21, 2015, and the terms of the loss notice are contained therein.  Except as so stated, AFM denies Paragraph 10.

11.     In response to Paragraph 11, AFM admits only that the terms and conditions of the Policies are contained therein.  Except as so stated, AFM denies Paragraph 11.

12.     AFM is without knowledge or information sufficient to form a belief

112961090.4

as to the truth of the allegations in Paragraph 12, and, therefore, the allegations are denied.

13.    AFM admits that the Hotel has 272 guest rooms and is branded as a Hilton hotel.   Except as so stated, AFM denies Paragraph 13.

14.    Denied.

15.    AFM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and, therefore, the allegations are denied.

16.    AFM admits that Algiere performed work at the hotel in 2015. Except as so stated, AFM denies Paragraph 16.

17.    AFM admits that Marsh USA, Inc. sent a loss notice concerning the hotel to AFM on September 21, 2015.  The terms of the loss notice are contained therein.  Except as so stated, AFM denies Paragraph 17.

18.    AFM admits that a Liberty Building Forensics Group Revised Water Damage Report, labeled Attorney Work Product and DRAFT, and dated February 5, 2016, is attached to the Complaint. AFM denies any remaining allegations of Paragraph 18.

112961090.4

19.     Denied.

20.     The terms and conditions of the Policies are contained therein.   AFM admits that it agreed to an extension for Crestline to submit a proof of loss. Except as so stated, AFM denies Paragraph 20.

21.     AFM admits that Crestline submitted a purported Sworn Statement in Proof of Loss which appears to have been executed on February 11, 2016.  The terms of that document are contained therein. Except as so stated, AFM denies Paragraph 21.

22.     AFM admits that on March 11, 2016, Sky Harbor sent AFM a purported "Sworn Statement in Proof of Loss." Except as so stated, AFM denies Paragraph 22.

23.     The terms and conditions of the Policies are contained therein.  Except as so stated, AFM denies Paragraph 23.

24.     Admitted.

25.     Denied.

26.     Denied.

27.     AFM admits that it requested information to investigate Crestline's

112961090.4

claim. Except as so stated, AFM denies Paragraph 27.

28.    AFM admits that it conducted examinations under oath of five individuals involved with the hotel.  Due to scheduling issues, the examinations of two of the individuals had to be split across two days. Except as so stated, AFM denies Paragraph 28.

29.    AFM admits that the letters included in the Complaint as Exhibits D and E are copies of the June 1, 2016, and June 2, 2016, letters received by AFM. AFM denies the remaining allegations of Paragraph 29.

30.    AFM admits that a copy of its January 6, 2017, letter is attached to the Complaint as Exhibit F. AFM denies the remaining allegations of Paragraph 30.

## COUNT I (DECLARATORY JUDGMENT)

31.    AFM incorporates its responses to Paragraphs 1 through 30 above as if each were fully and separately set forth herein.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

6

112961090.4

## COUNT II (BREACH OF CONTRACT)

36.    AFM incorporates its responses to Paragraphs 1 through 35 above as if each were fully and separately set forth herein.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

## COUNT III (GEORGIA STATUTORY BAD FAITH O.C.G.A. 33-4-6(a))

42.    AFM incorporates its responses to Paragraphs 1 through 41 above as if each were fully and separately set forth herein.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

112961090.4

49.     AFM admits that it sent a letter dated January 6, 2017, to Pierre Donahue, EVP & General Counsel for Crestline.   AFM denies the remaining allegations of Paragraph 49.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

## COUNT IV (REFORMATION)

54.     AFM incorporates its responses to Paragraphs 1 through 53 above as if each were fully and separately set forth herein.

55.     The terms and conditions of the Policies are contained therein. Except as so stated, AFM denies Paragraph 55.

56.     The terms and conditions of the Policies are contained therein. Except as so stated, AFM denies Paragraph 56.

57.     Denied.

58.     Denied.

59.     Denied.

112961090.4

60.    Denied.

AFM specifically denies that the Plaintiffs are entitled to any of the "Prayer for Relief" or damages requested in the six (6) numbered subparagraphs following the word "Wherefore" at the conclusion of Plaintiffs' Complaint. AFM denies that Plaintiffs are entitled to any relief or damages against this Defendant whatsoever.

## SECOND DEFENSE

Defendant denies each and every allegation, statement, matter, or thing in the Complaint unless expressly admitted herein.

## THIRD DEFENSE

Part or all of Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

Plaintiffs' Complaint fails as Plaintiffs failed to fulfill conditions precedent to filing suit, including, among others, submitting a Proof of Loss in accordance with the Policies, producing for examination documents and materials requested by AFM, and exhibiting to AFM's designated representative the remains of the allegedly damaged property.

112961090.4

## FIFTH DEFENSE

Plaintiffs' claim for insurance coverage under Virginia Standard Fire Insurance Policy No. WB720 to Crestline, as the Named Insured, for the policy period of January 1, 2014, to January 1, 2015, and Virginia Standard Fire Insurance Policy No. WB879 to Crestline, as the Named Insured, for the policy period of January 1, 2015, to January 1, 2016 (together, the "Policies") does not satisfy the contract requirements.

## SIXTH DEFENSE

Plaintiff Sky Harbor's claims fail as Sky Harbor is not insured under the Policies and is not a party to the insurance contract.

## SEVENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because of the doctrine of fortuity.

## EIGHTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because the claimed losses occurred prior to the inception of either Policy period.  The hotel has reportedly had widespread leakage and indoor moisture problems since its 1986 construction.

112961090.4

## NINTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because of the loss-in-progress rule.

## TENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because the claimed losses did not constitute a single discrete event.

## ELEVENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because the claimed losses do not exceed the applicable deductibles of the Policies.

## TWELFTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because of the doctrine of laches.

## THIRTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because of the doctrine of unclean hands.

## FOURTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because of the doctrine of estoppel.

11

## FIFTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because of the failure to mitigate damages.

## SIXTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because of the Insured's delay, contributory neglect, and failure to use all reasonable means to save and preserve property after its loss.

## SEVENTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because the claimed losses are excluded from coverage.

## EIGHTEENTH DEFENSE

In the event that it were determined that coverage exists under either of the Policies, which is specifically denied by AFM, then, in that event, any recovery under the Policies would be limited by the Policies' provisions relating to the applicable Sub Limits and Extensions of Coverage Sub-Limits.

## NINETEENTH DEFENSE

The Policies may be void due to fraud or misrepresentations made by the

112961090.4

Insured.

## TWENTIETH DEFENSE

AFM pleads all of the Policies' terms, conditions, and all other provisions that may apply as a defense to Plaintiffs' Complaint, or that subsequently may be determined to apply based on discovery in this action or other investigation.  This includes, without limitation, all of the terms of the Policies, whether titled coverages, conditions, definitions, exclusions, endorsements, declarations, or by any other name.

## TWENTY-FIRST DEFENSE

AFM reserves the right to raise additional defenses that subsequently may be determined to apply based upon discovery in this action or other investigation.

## TWENTY-SECOND DEFENSE

AFM has a reasonable basis or grounds to contest coverage for the Plaintiffs' alleged claims, and, therefore, Plaintiffs' claim for interest and costs in bringing this litigation must fail.

## TWENTY-THIRD DEFENSE

Third parties, for whom AFM cannot be held liable, are responsible for

112961090.4

Plaintiffs' claims, in whole or in part.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, AFM respectfully requests:

a.  that Plaintiffs' Complaint be dismissed with prejudice;

b.  that each and every prayer for relief in Plaintiffs' Complaint be denied;

c.  that judgment be entered in favor of AFM against Plaintiffs on the claims asserted in the Complaint, with costs and attorney's fees assessed against Plaintiffs; and

d.  for such other relief to which AFM is entitled or that the Court may deem just and proper.

Respectfully submitted this <u>12th</u> day of October, 2017.

*/s/ James V. Chin*
James V. Chin
Georgia Bar No. 124827
Justan C. Bounds
Georgia Bar No.: 339789
Amanda D. Proctor

14

Georgia Bar No.: 776848
CARLTON FIELDS JORDEN BURT, P.A.
1201 West Peachtree Street, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3400
Fax: (404) 815-3415
Email: jchin@carltonfields.com
        jbounds@carltonfields.com
        aproctor@carltonfields.com


*Attorneys for Defendant*
*Affiliated FM Insurance Company*

112961090.4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

SKY HARBOR ATLANTA )
NORTHEAST, LLC, and CRESTLINE )
HOTELS & RESORTS, LLC, )
  )
    Plaintiffs, )  CIVIL ACTION FILE
  )  NO. 1:17-CV-03910-AT
    v. )
  )
AFFILIATED FM INSURANCE )
COMPANY, )
  )
    Defendant. )
_____ )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2017, I served a true and correct copy of the foregoing document this day using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Shattuck Ely, Esq.
Tails Trevino, Esq.
FELLOWS LABRIOLA LLP
Peachtree Center  - Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303

16

112961090.4

Matthew J. Conroy, Esq.
Evan Schwartz, Esq.
Maria Campese, Esq.
SCHWARTZ LAW, P.C.
666 Old Country Road, 9th Floor
Garden City, NY 11530

Raymond Steinbrecher, Esq.
RAYMOND STEINBRECHER PLLC
1016 Thomas Drive, Suite 103
Panama City Beach, Florida, 32408

This <u>12th</u> day of October, 2017.

*/s/ James V. Chin*
James V. Chin

112961090.4