IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SKY HARBOR ATLANTA NORTHEAST, LLC, and CRESTLINE HOTELS & RESORTS, LLC, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| AFFILIATED FM INSURANCE, COMPANY, | : : : | CIVIL ACTION NO. 1:17-cv-3910-AT |
| Defendant. | : | |

# **ORDER**

This matter is before the Court on the parties' Joint Motion for Entry of Stipulated Protective Order for Confidential Information [Doc. 71]. The Court has reviewed the proposed order and determined that the parties have not complied with the Court's procedures regarding Confidentiality Agreements, Protective Orders, and Motions to Seal set forth in Section III(f) of the Court's Standing Order and Guidelines to Parties and Counsel in Cases Proceeding Before the Honorable Amy Totenberg. The parties' Stipulated Protective Order, as proposed, does not satisfy the good cause standard under Fed. R. Civ. P. 26(c) for this order to be entered.

In Section III(f) of the Court's Standing Order, provides that confidentiality of proceedings is the exception, not the rule, and the mere agreement by the parties that documents should be designated as confidential does not

automatically satisfy the Rule 26(c) good cause standard for filing materials under seal on the public docket. (Doc. 14 at 22-23.) In addition, as stated in the Court's Standing Order, it is the general policy of this Court not to allow the filing of documents under seal without a Court order, even if all parties consent to the filing under seal. *See* LR App H, Section II(J), NDGa. Parties must therefore request leave of court to file material designated as "confidential" under seal in accordance with the mechanism described in Section II(J) of Appendix H to the Court's Local Civil Rules.

The parties missed this requirement by stating: "If any Confidential Information is filed with the Court as part of a motion, brief, or other pleading, that information shall be filed under seal pursuant to the Federal Rules of Civil Procedure and/or any Court Order equally applicable to all Parties. At any hearing or proceeding in which any document covered by this Order is referred to, revealed or discussed, either party may request that the hearing or proceeding be conducted in chambers. Any records made of such proceedings shall also be sealed until further order of the Court, if any." (Doc. 71 § 7 at p. 8.)

Thus, the Court **DENIES WITHOUT PREJUDICE** the parties' Proposed Stipulated Protective Order [Doc. 17]. The parties are **DIRECTED** to re-file the proposed order after revising it to be consistent with Section III(f) of the Court's Standing Order and the good cause standard under Federal Rule of Civil Procedure 26(c).

**SO ORDERED** this 29th day of August, 2018.

_____
**Amy Totenberg**
**United States District Judge**