UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SKY HARBOR ATLANTA | ) | |
| NORTHEAST, LLC, and | ) | |
| CRESTLINE HOTELS & | ) | |
| RESORTS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| *vs.* | ) | NO.: 17-cv-03910-AT |
| | ) | |
| AFFILIATED FM INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PLAINTIFFS' MOTION TO STRIKE, PURSUANT TO FRCP 12(f), OR, IN THE ALTERNATIVE, TO DISMISS, PURSUANT TO FRCP 12(b) (6), DEFENDANT'S "AMENDED ANSWER AND COUNTERCLAIM"

**COME NOW** the Plaintiffs, **SKY HARBOR ATLANTA NORTHEAST, LLC,** and **CRESTLINE HOTELS & RESORTS, LLC**, and each of them, and move to strike, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(f) as "redundant," "impertinent," or "immaterial," or, in the alternative, to dismiss, pursuant to FRCP 12(b)(6), Defendant's "Amended Answer and Counterclaim, " for failure to state a claim upon which relief can be granted.  The Defendant's putative pleading should be struck in its entirety, and the counterclaim should be dismissed with prejudice.

**A.      Federal Rules 13(e), 15(a)(1), and 15(a)(2):      Failure to Obtain Leave of Court.**

FRCP 13(e) directly governs the ability of the Defendant-Insurer's to file its "Amended Answer and Counterclaim."  As an initial matter, however, it should be noted that there is simply no "Amended Answer."  The "Answer" contained in Defendant's Pleading is identical in all respects to the Answer and Affirmative Defenses filed nearly a year ago.  This pleading is a subterfuge, seeking to bring a long-abandoned compulsory counterclaim into the case for strategic reasons.  The "Amended Answer" should be struck as "redundant" and "immaterial."

The Court's recent Scheduling Order indicates that the parties are to seek "leave" to file any amended pleadings.   Controlling FRCP 13(e) provides: "COUNTERCLAIM MATURING OR ACQUIRED AFTER PLEADING. *The court **may permit** a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading.*" [Emphasis supplied.]

The Clerk's Docket makes clear that no Rule 13(e) permission has ever been sought, nor has it been obtained.  Thus, this Court has not "permitted" the Insurer to assert a counterclaim. Presumably, the Insurer understood that seeking such leave would not be appropriate, and chose not to do so.  The Plaintiffs would obviously be prejudiced by the assertion, at this late date, of a counterclaim, seeking at least

$500,000.00.  Furthermore, the progress of this relatively mature case would the severely compromised by the need to conduct discovery of the amorphous fraud and conspiracy claims now before the Court.

The Defendant's proposed "Amended Answer and Counterclaim" comes far too late for the pleading to be viewed as a one-time amendment "of course" under FRCP 15(a) (1).  Additionally, the Plaintiffs have not, and do not, consent under FRCP 15(a) (2).

Thus, amendment under the general provisions of Rule 15 is permissible "*only*" by "***the court's leave***."  [Emphasis supplied.]  "Leave" is to be "freely" given "when justice so requires."  But, here, retroactive permission, *nunc pro tunc*, should not be given, because the Insurer blithely ignored the Rules and the Scheduling Order and failed to ask any permission, putting Plaintiffs to the trouble and expense of this Motion.

## B. Federal Rules 12(b)(6), 13(a), 13(e), and 9(b):  Failure to State a Claim.

The Insurer's belated counterclaim was, necessarily, a compulsory counterclaim, since it arose from the same "transaction or occurrence" as the subject of the Plaintiffs' Complaint.  Rule 13(a) requires that a defendant, such as the Insurer, assert any compulsory counterclaim in its Answer.  The Insurer's failure to

do so means that the claims are forever lost.  Although not stated explicitly in Rule 13, "[a] failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim." 6 C. Wright, A. Miller, and M.K. Kane, FEDERAL PRACTICE AND PROCEDURE § 1417 (3d ed.).

Rule 13 (e) allows only belated counterclaims "that ***matured*** or [were] ***acquired*** by the party ***after serving an earlier pleading***." [Emphasis supplied.]  The Insurer had in its possession the majority of the documents that are referenced in the new "counterclaim."  In fact, the Insurer had information in its possession related to historical mold and water problems in the hotel at the time it filed its initial Answer, having reviewed the thousands of documents made available by the Plaintiffs in advance of the filing of the Complaint.  As the belated "counterclaim" expressly admits, the parties participated, prior to suit, in a series of "Examinations Under Oath" as part of the Insurer's coverage investigation and due diligence.

The Defendant has failed to comply with the requirements of FRCP 9(b) in that they have failed to plead the elements of the claimed fraud with particularity, having failed to plead the essential elements of fraud under the laws of Georgia.  The Insurer pled many facts, but it failed to plead "fraud" in the procurement of the

relevant policy or in the submission of the pertinent claims of the Plaintiffs, which the Insurer has wrongfully refused to pay.

The Insurer has also failed, utterly, to plead the necessary element of injurious reliance on the claimed fraud. Stated simply, this Insurer seeks to convert his routine corporate overhead for investigation and due diligence into "damages" for fraud.

Finally, the Insurer's "civil conspiracy" counterclaim should be dismissed because it attempts to assert a claim that is not recognized in Georgia. Relief cannot granted on the claim because it does not exist. There is no substantive Georgia tort for "civil conspiracy," and there never has been.

"Civil conspiracy" may be asserted in a timely pleading in order to expand the array of potential defendants, which may be the Insurer's strategy *sub judice*. To the extent that this is the Insurer's intent—for example, to use the "civil conspiracy" claim in order to disqualify Plaintiffs' counsel--such a tardy, tactical effort should be denied.

## C.  Summary.

A minimal respect for the Court's effort to manage this case in its Scheduling Order, not to mention respect for the Federal Rules of Civil Procedure, should have produced an effort, from the Insurer, to explain how its "counterclaim" would impact

the carefully negotiated discovery schedule and how the counterclaim would not prejudice the Plaintiffs. Instead, defying the plain mandates of FRCP 13(e) and 15(a) (2), the Insurer "just filed."

The federal case law is unambiguous and consistent in holding: (1) When the Plaintiff would be prejudiced, and (2) When established discovery periods will be disrupted, leave should not be granted. But more basically, permission must be sought, and not just perfunctory permission. In order to invoke Rule 13(e), the movant must make some showing, at a hearing, or by appropriate pleadings, that it has met the predicates of the Rule. Failure to seek leave is a fatal error.

This Motion is based upon:

(1)     Plaintiffs' *Memorandum of Points and Authorities in Support of Their Motion to Strike, Pursuant to FRCP 12 (f), or, in the Alternative, to Dismiss, Pursuant to FRCP 12(b)(6), Defendant's "Amended Answer and Counterclaim*;"

(2)     The Docket of Proceedings maintained by this Court; and

(3)     The pleadings of record of the parties.

This 28th day of September, 2018.

Respectfully submitted,

/s/ Keith S. Hasson

Page 6 of 7

Keith S. Hasson
Georgia Bar No. 336383
Michael F. O'Neill
Georgia Bar No. 553740

**HASSON LAW GROUP, LLP**
3379 Peachtree Road, N.E.
Suite 625
Atlanta, Georgia 30326
Telephone: 678-701-2869

**Of Counsel:**
Raymond Steinbrecher, Jr.
P.O. Box 27280
Panama City, Florida 32411
850-319-6773

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SKY HARBOR ATLANTA | ) | |
| NORTHEAST, LLC, and | ) | |
| CRESTLINE HOTELS & | ) | |
| RESORTS, LLC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| *vs.* | ) | NO.: 17-cv-03910-AT |
| | ) | |
| AFFILIATED FM INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28, 2018, a copy of the foregoing ***Plaintiffs'***

***Motion to Strike, Pursuant to FRCP 12 (f), or, in the Alternative, to Dismiss,***

***Pursuant to FRCP 12(b) (6), Defendant's "Amended Answer and Counterclaim"***

was electronically filed with the Clerk of Court using the CM/ECF system which

will automatically send notification of such filing to the following attorneys of

record:

*James V. Chin, Esq.*
*Justan C. Bounds, Esq.*
*Amanda D. Proctor, Esq.*

***CARLTON FIELDS JORDEN BURT, P.A.***
***1201 West Peachtree Street***
***Suite 3000***
***Atlanta, Georgia 30309***

This 28th day of September, 2018.

<u>***/s/ Keith S. Hasson***</u>
Keith S. Hasson
Georgia Bar No. 336383
Michael F. O'Neill
Georgia Bar No. 553740

**HASSON LAW GROUP, LLP**
3379 Peachtree Road, N.E.
Suite 625
Atlanta, Georgia 30326
Telephone: 678-701-2869

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SKY HARBOR ATLANTA NORTHEAST, LLC, and CRESTLINE HOTELS & RESORTS, LLC. | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| *vs.* | ) ) | CIVIL ACTIOIN FILE NO.: 17-cv-03910-AT |
| AFFILIATED FM INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## **LOCAL RULE 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 point. The Motion has also been prepared in compliance with the margin specifications and page limitation provisions of such Rules.

This 28th day of September, 2018.

/s/ *Keith S. Hasson*
Keith S. Hasson

Georgia Bar No. 336383
Michael F. O'Neill
Georgia Bar No. 553740

**HASSON LAW GROUP, LLP**
3379 Peachtree Road, N.E.
Suite 625
Atlanta, Georgia 30326
Telephone: 678-701-2869