UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SKY HARBOR ATLANTA | ) | |
| NORTHEAST, LLC, and | ) | |
| CRESTLINE HOTELS & | ) | |
| RESORTS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| *vs*. | ) | NO.: 17-cv-03910-AT |
| | ) | |
| AFFILIATED FM INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PLAINTIFFS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO DEFENDANT'S COUNTERCLAIMS

COME NOW Plaintiffs, **SKY HARBOR ATLANTA NORTHEAST, LLC** and **CRESTLINE HOTELS & RESORTS, LLC,** and file their Answer and Affirmative and Other Defenses to Defendant **AFFILIATED FM INSURANCE COMPANY'S** ("AFM") Counterclaims (the "Counterclaims"), respectfully showing the Court as follows:

## FIRST DEFENSE

AFM's Counterclaims fail to state claims upon which relief can be granted.

## SECOND DEFENSE

AFM's Counterclaims are barred, in part or in whole, because any damages or injury to the AFM are the result of conduct and intentional acts by AFM and their representatives.

### THIRD DEFENSE

AFM's Counterclaims are barred, in part or in whole, by the absence of justified or reasonable reliance.

### FOURTH DEFENSE

AFM's Counterclaims are barred, in part or in whole, because any injury or damages were not proximately caused by Plaintiffs.

### FIFTH DEFENSE

AFM's Counterclaims are barred in part or in whole by their receipt of appropriate disclosures concerning the conditions of the Hotel at issue in this case.

### SIXTH DEFENSE

AFM's Counterclaims rely on privileged attorney-client communications that were improperly submitted by AFM.

### SEVENTH DEFENSE

AFM's counterclaim for fraud fails to allege the elements of fraud with the necessary particularity.

### EIGHTH DEFENSE

AFM's counterclaim for fraud fails to allege the necessary element of injurious reliance.

## NINTH DEFENSE

AFM's counterclaim for "civil conspiracy" fails to state a substantive tort cognizable under Georgia law.

## ANSWER

Plaintiffs respond to the numbered Paragraphs of AFM's Counterclaims as follows:

1.

Plaintiffs admit the allegations contained in Paragraph 1 of the Counterclaims.

2.

Plaintiffs admit the allegations contained in Paragraph 2 of the Counterclaims.

3.

Plaintiffs admit the allegations contained in Paragraph 3 of the Counterclaims.

4.

Plaintiffs admit the allegations contained in Paragraph 4 of the Counterclaims.

5.

Plaintiffs admit the allegations contained in Paragraph 5 of the Counterclaims.

6.

Plaintiffs admit the allegations contained in Paragraph 6 of the Counterclaims.

7.

Plaintiffs admit the allegations contained in Paragraph 7 of the Counterclaims.

8.

Plaintiffs admit the allegations contained in Paragraph 8 of the Counterclaims.

9.

Plaintiffs admit the allegations contained in Paragraph 9 of the Counterclaims.

10.

Plaintiffs admit the allegations contained in Paragraph 10 of the Counterclaims.

11.

Plaintiffs admit the allegations contained in Paragraph 11 of the Counterclaims.

12.

Plaintiffs admit the allegations contained in Paragraph 12 of the Counterclaims.

13.

Plaintiffs admit the allegations contained in Paragraph 13 of the Counterclaims.

14.

Plaintiffs deny the allegations contained in Paragraph 14 of the Counterclaims.

15.

Plaintiffs admit the allegations contained in Paragraph 15 of the Counterclaims.

16.

Plaintiffs admit the allegations contained in Paragraph 16 of the Counterclaims.

17.

Denied as stated.

18.

Plaintiffs admit the allegations contained in Paragraph 18 of the Counterclaims.

19.

Plaintiffs admit the allegations contained in Paragraph 19 of the Counterclaims.

20.

Plaintiffs admit the allegations contained in Paragraph 20 of the Counterclaims.

21.

Plaintiffs deny that AFM took action in reliance on Crestline and Sky Harbor's representations. Plaintiffs are currently without knowledge and information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 21 of the Counterclaims; and therefore, those allegations are denied.

22.

Plaintiffs admit the allegations contained in Paragraph 22 of the Counterclaims.

23.

Plaintiffs deny the allegations contained in Paragraph 23 of the Counterclaims.

24.

Plaintiffs deny the allegations contained in Paragraph 24 of the Counterclaims.

25.

Plaintiffs deny the allegations contained in Paragraph 25 of the Counterclaims.

26.

Plaintiffs deny the allegations contained in Paragraph 26 of the Counterclaims.

27.

Plaintiffs deny the allegations contained in Paragraph 27 of the Counterclaims. The referenced Exhibits speak for themselves.

28.

Plaintiffs admit the allegations contained in Paragraph 28 of the Counterclaims.

29.

Plaintiffs admit the allegations contained in Paragraph 29 of the Counterclaims.

30.

Plaintiffs deny the allegations contained in Paragraph 30 of the Counterclaims. Plaintiffs did not withhold information regarding water and mold problems in the hotel prior to September, 2015. (See Exhibit 1.)

31.

Plaintiffs admit the allegations contained in Paragraph 31 of the Counterclaims.

32.

Plaintiffs admit the allegations contained in Paragraph 32 of the Counterclaims.

33.

Plaintiffs deny the allegations contained in Paragraph 33 of the Counterclaims.

34.

Plaintiffs deny the allegations contained in Paragraph 34 of the Counterclaims. The Exhibits listed speak for themselves.

35.

Plaintiffs deny the allegations contained in Paragraph 35 of the Counterclaims.

36.

Plaintiffs deny the allegations contained in Paragraph 36 of the Counterclaims.

37.

Plaintiffs admit that Crestline and Sky Harbor have been working together, and continue to work, in concert with each other as co-Plaintiffs in this case. Plaintiffs deny the remaining allegations of Paragraph 37.

38.

Plaintiffs deny the allegations contained in Paragraph 38 of the Counterclaims.

39.

Plaintiffs deny the allegations contained in Paragraph 39 of the Counterclaims.

40.

Plaintiffs deny the allegations contained in Paragraph 40 of the Counterclaims.

41.

Plaintiffs admit the allegations contained in Paragraph 41 of the Counterclaims but deny that the Agreement evidences either fraud or a conspiracy to defraud.

42.

Plaintiffs reallege and incorporate herein the responses contained in Paragraphs 1 through 41 of the foregoing Answer and Defenses to Defendant's Counterclaims

43.

Plaintiffs deny the allegations contained in Paragraph 43 of the Counterclaims.

44.

Plaintiffs deny the allegations contained in Paragraph 44 of the Counterclaims.

45.

Plaintiffs deny the allegations contained in Paragraph 45 of the Counterclaims.

46.

Plaintiffs deny the allegations contained in Paragraph 46 of the Counterclaims.

47.

Plaintiffs deny the allegations contained in Paragraph 47 of the Counterclaims.

48.

Plaintiffs deny the allegations contained in Paragraph 48 of the Counterclaims.

49.

Plaintiffs reallege and incorporate herein the responses contained in Paragraphs 1 through 48 of the foregoing Answer and Defenses to Defendant's Counterclaims

50.

Plaintiffs deny the allegations contained in Paragraph 50 of the Counterclaims.

51.

Plaintiffs deny the allegations contained in Paragraph 51 of the Counterclaims.

52.

Plaintiffs deny the allegations contained in Paragraph 52 of the Counterclaims.

53.

Plaintiffs reallege and incorporate herein the responses contained in Paragraphs 1 through 52 of the foregoing Answer and Defenses to Defendant's Counterclaims

54.

Plaintiffs deny the allegations contained in Paragraph 54 of the Counterclaims.

55.

Plaintiffs deny any allegations contained in the Counterclaim not expressly admitted above. Plaintiffs further deny that Defendant is entitled to any relief from them.

WHEREFORE, Plaintiffs respectfully request that this Court dismiss and enter judgment in their favor and against AFM on its Counterclaims and award Plaintiffs their attorneys' fees and costs of litigation and such other and further relief as the Court deems appropriate.

Respectfully submitted this 28th day of September, 2018.

**HASSON LAW GROUP, LLP**

/s/ Keith  S. Hasson_____
Keith S. Hasson
Georgia Bar No.: 336383

*Attorney for Plaintiffs*

3369 Peachtree Road, NE
Suite 255
Atlanta, Georgia 30326
Tel: (678) 701-2869
keith@hassonlawgroup.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SKY HARBOR ATLANTA NORTHEAST, LLC, and CRESTLINE HOTELS & RESORTS, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.: 17-cv-03910-AT |
| AFFILIATED FM INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28, 2018, a copy of the within and foregoing *Plaintiffs' Answer and Affirmative and Other Defenses to Defendant's Counterclaims* was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following attorneys of record:

*James V. Chin, Esq.*
*Justan C. Bounds, Esq.*
*Amanda D. Proctor, Esq.*
*CARLTON FIELDS JORDEN BURT, P.A.*
*1201 West Peachtree Street*
*Suite 3000*
*Atlanta, Georgia 30309*

This 28th day of September, 2018.

**HASSON LAW GROUP, LLP**

/s/ Keith  S. Hasson_____
Keith S. Hasson
Georgia Bar No.: 336383

*Attorney for Plaintiffs*

3369 Peachtree Road, NE
Suite 255
Atlanta, Georgia 30326
Tel: (678) 701-2869
keith@hassonlawgroup.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SKY HARBOR ATLANTA | ) | |
| NORTHEAST, LLC, and | ) | |
| CRESTLINE HOTELS & | ) | |
| RESORTS, LLC, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTON FILE |
|     v. | ) | NO.: 17-cv-03910-AT |
| | ) | |
| AFFILIATED FM INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____) | | |

## **LOCAL RULE 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 point.  The Brief has also been prepared in compliance with the margin specifications and page limitation provisions of such Rules.

This 28th day of September, 2018.

**HASSON LAW GROUP, LLP**

/s/ Keith  S. Hasson_____

                                        Keith S. Hasson
                                        Georgia Bar No.: 336383

                                        *Attorney for Plaintiffs*

3369 Peachtree Road, NE
Suite 255
Atlanta, Georgia 30326
Tel: (678) 701-2869
keith@hassonlawgroup.com